**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4250**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTWAUN LAMAR MACK,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:18-cr-00926-HMH-1)

Submitted: April 26, 2022                Decided: April 28, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Corey F. Ellis, United States Attorney, Columbia, South Carolina, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Antwaun Lamar Mack of possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Mack to 112 months' imprisonment. On appeal, Mack argues that the indictment was insufficient to put him on notice of the elements of the offense and the district court's jury instructions were deficient in light of *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding that to convict a defendant under 18 U.S.C. § 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). We affirm.

Because Mack did not first present his *Rehaif* claims to the district court, our review of those claims is for plain error. *See Greer v. United States*, 141 S. Ct. 2090, 2099-2100 (2021) (holding that unpreserved *Rehaif* claims are subject to plain error review). To succeed on plain error review, Mack must show that: (1) an error occurred; (2) the error is plain; and (3) the error affected his substantial rights, "which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096 (internal quotation marks omitted). "If those three requirements are met, [we] may grant relief if [we] conclude[] that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2096-97 (internal quotation marks omitted).

In the context of a *Rehaif* error, the Supreme Court held in *Greer* that such an error "is not a basis for plain-error relief unless the defendant first makes a sufficient argument

2

or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100 (emphasis added). "When a defendant advances such an argument or representation on appeal, [we] must determine whether the defendant has carried the burden of showing a reasonable probability that the outcome of the district court proceeding would have been different." *Id.* (internal quotation marks omitted). Applying *Greer* here, we conclude that Mack has not demonstrated a reasonable probability that the outcome of these proceedings would have been different had the indictment included, and the jury been instructed of, the knowledge-of-status element under *Rehaif*.

Mack has been convicted of multiple felonies and served over a year in prison for some of those felony convictions, so he would have known that at least those convictions were punishable by more than a year in prison. *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (explaining that defendant's prior record of incarceration made it "virtually impossible to believe he did not know he had been convicted of crimes punishable by" more than one year in prison); *cf. Greer*, 141 S. Ct. at 2098 (ruling that, on plain error review, appellate court "may consider the *entire* record"). One of Mack's prior felonies was a federal felon-in-possession offense, further demonstrating his knowledge of his felon status. Additionally, Mack admitted at trial knew he was not permitted to have a firearm. We are satisfied that these facts establish that Mack knew of his status as a felon. *See United States v. Hobbs*, 24 F.4th 965, 973 (4th Cir. 2022) (concluding that defendant did not demonstrate a reasonable probability of a different outcome when he testified at trial that he was not allowed to possess firearms, and on appeal he had not proffered a

3

sufficient representation that at trial he would have presented evidence demonstrating that he did not know that he was a felon).

And in light of those facts, we are unpersuaded that the outcome of these proceedings would have been different absent the *Rehaif* error. *See Greer*, 141 S. Ct. at 2098 (ruling that defendant had not demonstrated that *Rehaif* error affected his substantial rights where he had been convicted of multiple felonies and admitted that he was a felon when he pled guilty to the § 922(g)(1) offense). Accordingly, we conclude that Mack has not shown that the *Rehaif* error affected his substantial rights, and he thus cannot prevail on plain error review.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4